# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-01344V
Filed: September 28, 2018
UNPUBLISHED

| | |
|---|---|
| CAROLYN E. CECIL,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Glen Howard Sturtevant, Jr.,* Rawls Law Group, Richmond VA, *for petitioner.*
*Sarah Christina Duncan,* U.S. Department of Justice, Washington, DC, *for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination administered on October 17, 2013. Petition at 1. On July 5, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 41).

On August 13, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 45). Petitioner requests attorneys' fees in the amount of $40,145.86 and attorneys'

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $11,676.88.  *Id.* at 2.  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $21.40 in out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $41,335.14.

On August 24, 2018, respondent filed a response to petitioner's motion.  (ECF No. 46).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I. Legal Standard**

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008).  The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009).  It is the petitioner who bears the burden of adequately documenting the fees and costs. *Rodriguez*, 2009 WL 2568468, at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making

2

a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

## II. Hourly Rates

### A. Christina Dwyer

Petitioner requests compensation for Attorney Christina Dwyer at a rate of $315 per hour for time billed in 2017.[3] (ECF No. 45-1 at 22). In the affidavit submitted by Paul Walkinshaw, he attests Ms. Dwyer "was admitted to the Virginia State bar in October 2015." (ECF No. 48-1 at 1). This places Ms. Dwyer in the range of attorneys with less than 4 years' experience based on the Court's Attorneys' Hourly Rate Fee Schedule.[4] Under the Court's Fee Schedule, an attorney in this experience range is entitled to hourly rates between $153 - $230 for work performed in 2017. The requested rate for 2017 exceed the range for attorneys with less than 4 years' experience, and the undersigned finds the requested rate excessive based on her overall legal experience, the quality of work performed, and her experience in the Vaccine Program. *See McCulloch,* 2015 WL 5634323 at *17 (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on Ms. Dwyer's inexperience in the Vaccine Program[5], the undersigned finds an appropriate hourly rate for Ms. Dwyer is

---

[3] Ms. Dwyer billed 2.50 hours in 2017.

[4] The Fee Schedules for 2015 - 2018 can be accessed at http://www.cofc.uscourts.gov/node/2914

[5] This is Ms. Dwyer's first, and only, case in the Vaccine Program. Moreover, she assisted on this case and was not listed as attorney of record.

$153 per hour for work performed in 2017.[6] Therefore, the request for attorneys' fees is **reduced by $405.00**.[7]

### III. Attorney Costs

Like attorney's fees, a request for reimbursement of attorney's costs must be reasonable. *Perreita v. Sec'y of Health & Humans Servs.,* 27 Fed.Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $11,676.88 in attorney's costs. These costs are associated with medical records, filing fees, expert reports and postage. Proper documentation supporting these requests was filed and the undersigned finds the majority of costs to be reasonable with one exception.

The undersigned finds that the requested costs of $1,624.89 for "Advocate Capital Interest" to be unreasonable.[8] These costs consist of finance and origination charges in the amount of $1,624.89 associated with a loan advance from AdvoTrac, which markets itself as "case expense funding service." (ECF No. 45-2 at 34).  However interest on a loan taken out by Rawls Law Group is not reimbursed in Vaccine Program cases. *See Jeffries v. Sec'y of Health & Human Servs.,* petitioner sought attorneys' costs for a. *Jeffries v. Sec'y of Health & Human Servs.,*No. 99-0670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (citing *Library of Congress v. Shaw,* 478 U.S. 310, 317 (1986) (finding that finance charges on an outstanding bill incurred by petitioner amounted to interest which, in the absence of a waiver of sovereign immunity, cannot be assessed against the United States.). The undersigned notes that a foreseeable costs of taking out a loan is the accrual of interest and origination fees. These costs are no compensable by the Vaccine Program. This results in **a reduction of attorneys' costs in the amount of $1,624.89**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[6] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[7] This amount consists of $315 - $153 = $162 x 2.5hrs = $405.00.

[8] This amount consists of $1,424.92 in "Total Finance Charges" and $199.97 in "Total Origination Fees." (ECF No. 45-2 at 36).

4

**Accordingly, the undersigned awards the total of $39,305.25[9] as follows:**

- **A lump sum of $39,283.85, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Glen Howard Sturtevant, Jr. ; and**

- **A lump sum of $21.40, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[9] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.